# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **DANNY L. SMITH,** | ) |
| Petitioner, | ) |
| v. | ) Case No. 4:21-cv-00899-RDP-HNJ |
| **TONEY, Warden, et al.,** | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

Danny L. Smith, an Alabama state prisoner, filed this habeas corpus action *pro se* pursuant to 28 U.S.C. § 2254. (Doc. 1). On August 11, 2021, the Magistrate Judge entered a Report and Recommendation that this action be dismissed without prejudice for lack of jurisdiction, because Smith's petition amounts to a successive § 2254 application, for which he lacks authorization from the Eleventh Circuit, as required by 28 U.S.C. § 2244(b)(3)(A). (Doc. 6). On September 1, 2021, Smith filed timely objections. (Doc. 7).

Smith first asserts that the issue he raised in his prior petition[1]---whether the repeal and replacement of an Alabama statute voids all convictions under the prior statute---has never been addressed on its merits. (Doc. 7 at 4). According to Smith, § 2244 does not bar his instant petition because the court failed to address the factual basis for this claim. (Doc. 7 at 7-9). Smith relies on *Davis v. United States*, 417 U.S. 333 (1974) and *Sanders v. U.S.*, 373 U.S. 1 (1963). (Doc. 7 at 4, 7). Both these cases predate the 1996 passage of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). AEDPA replaced the rule in *Sanders* with the current requirement that prior to

---

[1] *Smith v. State of Alabama*, 4:17-cv-01223-RDP-JEO. This court may take judicial notice of its own records. *See United States v. Glover*, 179 F.3d 1300, 1302 n. 5 (11th Cir. 1999); *McBride v. Sharpe*, 25 F.3d 962, 969 (11th Cir. 1994).

filing second or successive habeas petitions with the district court a petitioner must seek approval in the relevant court of appeals.  "The Act requires a habeas petitioner to obtain leave from the court of appeals before filing a second habeas petition in the district court." *Felker v. Turpin*, 518 U.S. 651, 664 (1996); *see also Banister v. Davis*, --U.S.--, 140 S.Ct. 1698, 1704 (2020) ("Under AEDPA …. [t]o file a second or successive application in a district court, a prisoner must first obtain leave from the court of appeals based on a 'prima facie showing' that his petition satisfies the statute's gatekeeping requirements."); *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1269 (11th Cir. 2004), *aff'd on other grounds sub nom*. *Gonzalez v. Crosby*, 545 U.S. 524 (2005) ("We have gone from the days of the more permissive ends of justice and abuse of the writ standards, *see, e.g.*, *Sanders v. United States*, 373 U.S. 1, 12 (1963) … to the present post-AEDPA times, with a total ban on claims that were presented in a prior petition, § 2244(b)(1), and a near-total ban on those that were not, see § 2244(b)(2).").

Relying on *Davis v. United States*, 417 U.S. 333 (1974), Smith next argues his sentence demonstrates a fundamental miscarriage of justice and therefore he need not present a constitutional claim to seek relief.  (Doc. 7 at 5-6).  He further contends that his challenge to the "predicate criminal code," particularly the "intervening substantive change in the criminal code," suffices to show "exceptional circumstances," as articulated in *Davis, supra*.  (Doc. 7 at 6).  *Davis* held, pre-AEDPA, that a petitioner could bring a petition pursuant to § 2255 based upon an intervening change in the law of the circuit.  *Id*., at 345-47.  But upon adoption of AEDPA, only two avenues for a successive petition exist, both requiring an argument not previously raised which relies on either (1) a new rule of constitutional law, or (2) a factual predicate previously undiscoverable. 28 U.S.C. § 2244(b)(2)(A)-(B). *See e.g., In re Davis*, 565 F.3d 810, 816-17 (11th Cir. 2009).  Alabama's repeal of a state statute and adoption of a new statute does not provide a

new rule of *constitutional* law.  Nor has Smith pointed to any previously undiscoverable factual predicate.

Finally, as Smith recognizes, he already raised this very claim in his prior petition.  (Doc. 7 at 4).  "AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications.  If the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases." *Tyler v. Cain*, 533 U.S. 656, 661 (2001).  But, even if Smith could establish he fell within one of the exceptions set forth in § 2244(b)(2), a petition filed under those provisions still must meet the gatekeeping requirement in § 2244(b)(3).  *See Felkin*, 518 U.S. at 664.

Smith's suggestion that the court follow *United States v. Ellis*, 2021 WL 54215 (S.D. Ala. Jan 6. 2021), and Rule 9 of the *Rules Governing Section 2254 Cases* (Doc. 7 at 9), lends no assistance to him.  In *Ellis*, the Southern District of Alabama held only that, because on direct appeal the Eleventh Circuit squarely addressed the claim Ellis attempted to raise in his § 2255 motion, Ellis could not demonstrate a basis for relief without a "change in substantive law."  *Id.*, 2021 WL 54215, *3.  And, in its current iteration, Rule 9 of the *Rules Governing Section 2254 Cases* states that "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."

None of Smith's arguments impact whether this petition is successive for purposes of § 2244(b)(3)(A).  Regardless of the merits of his petition, this court lacks jurisdiction to consider it unless the Eleventh Circuit authorizes the filing of a successive petition.  *See e.g.*, *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007); *In re Bradford*, 830 F.3d 1273, 1277 (11th Cir. 2016)

(stating "when a petitioner fails to seek permission from the court of appeals to file a second or successive petition, the district court lacks jurisdiction to consider it.").

Having carefully reviewed and considered *de novo* all the materials in the court file, including the Magistrate Judge's Report and Recommendation, and Smith's objections, the court is of the opinion that Smith's objections are due to be **OVERRULED**. The Magistrate Judge's findings are **ADOPTED** and his Recommendation **ACCEPTED**. Smith's petition for a writ of habeas corpus is due to be **DISMISSED WITHOUT PREJUDICE**, for lack of jurisdiction. A separate Order will be entered.

The court does not rule on a certificate of appealability ("COA") because a COA is unnecessary when dismissing a case as successive. *See Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1264 n.3 (11th Cir. 2020) ("Although generally appeals from § 2254 proceedings require a certificate of appealability ("COA"), no COA is necessary to appeal the dismissal for lack of subject matter jurisdiction of a successive habeas petition because such orders are not 'a final order in a habeas corpus proceeding.'" (citing *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004))).

**DONE** and **ORDERED** this September 17, 2021.

                                                         **R. DAVID PROCTOR**
                                                       UNITED STATES DISTRICT JUDGE